IVEY v. FASCO INDUSTRIES

[109 N.C. App. 123 (1993)]

CHARLES IVEY, EMPLOYEE/PLAINTIFF v. FASCO INDUSTRIES, EMPLOYER, AND
NATIONWIDE MUTUAL INSURANCE CO., CARRIER/DEFENDANTS

No. 9210IC112

(Filed 16 February 1993)

1. **Master and Servant § 55.1 (NCI3d) — workers' compensation — remanded opinion — correction of inconsistencies**

    The Industrial Commission did not fail on remand to follow the Court of Appeals' directives to address inconsistencies in opinions by Deputy Commissioners. Although plaintiff asserts that an unaddressed inconsistency exists in that the Taylor opinion found that plaintiff suffered a compensable injury on 18 August to his neck and the subsequent Haigh opinion stated in the "Comment" section that "plaintiff's disability beginning in August, 1982 and continuing thereafter is due to the injury by accident which plaintiff sustained in February, 1978," there was no inconsistency because the Haigh opinion in no way altered the Taylor opinion. The Taylor opinion found that plaintiff was entitled to temporary total disability for the period between 27 August 1982 and 16 February 1983 due to the August 1982 injury and Haigh found, based on evidence not available to Taylor, that any disability plaintiff suffered after 16 February 1983 was not a result of the 1982 accident, but of a change of condition of the February 1978 accident.

    **Am Jur 2d, Workers' Compensation § 613.**

2. **Master and Servant § 93 (NCI3d) — workers' compensation — hearing by second Deputy Commissioner — scope of inquiry**

    Deputy Commissioner Haigh acted within the scope of his inquiry in a workers' compensation proceeding where another deputy commissioner had previously determined that plaintiff was entitled to temporary total disability for the period between 27 August 1982 and 16 February 1983 due to an August 1982 injury, but reserved judgment for the period following 16 February 1983; Deputy Commissioner Haigh heard this case to determine what disability compensation, if any, plaintiff was due after 16 February 1983; and Haigh found that plaintiff was not due any further compensation arising out of the August 1982 accident.

    **Am Jur 2d, Workers' Compensation §§ 602, 607, 616.**

IVEY v. FASCO INDUSTRIES

[109 N.C. App. 123 (1993)]

3. **Master and Servant § 96.5 (NCI3d) — workers' compensation — findings of fact — supported by evidence**

The findings of the full Industrial Commission in a workers' compensation action were supported by the evidence. The Court of Appeals is bound by the Industrial Commission's findings when they are supported by direct evidence or by reasonable inferences drawn from the record.

**Am Jur 2d, Workers' Compensation § 612.**

4. **Master and Servant § 93 (NCI3d) — workers' compensation — Rule 701 motion — discretion of court**

The plaintiff in a workers' compensation action failed to demonstrate that the Industrial Commission abused its discretion in denying plaintiff's Rule 701 motion.

**Am Jur 2d, Workers' Compensation § 614.**

Appeal by employee/plaintiff from an Opinion and Award by the Full Industrial Commission entered 10 December 1991. Heard in the Court of Appeals 6 January 1993.

Plaintiff sustained an injury to his back on 2 February 1978 arising out of and in the course of his employment. After surgery, his condition improved and he returned to work with some restrictions on 23 March 1982. On 18 August 1982, plaintiff injured his neck in the course of his employment.

On 30 April 1986, plaintiff's neck injury claim was heard by Deputy Commissioner Henry Burgwyn. Mr. Burgwyn left the Commission before entering a decision. The case was rescheduled for 15 June 1987 and was heard by Deputy Commissioner Scott M. Taylor. Prior to the newly scheduled hearing, the parties agreed to have the issues decided on the basis of the record and transcript of the 1986 hearing. On 25 November 1987, Deputy Commissioner Taylor entered an Opinion and Award finding that plaintiff suffered an injury as a result of an accident while in the course of his employment on 18 August 1982. Temporary total disability payments were ordered through 16 February 1983 and the matter was rescheduled for a determination of plaintiff's entitlement to compensation for any temporary total disability and permanent partial disability beyond 16 February 1983.

On 23 June 1988, Deputy Commissioner William L. Haigh presided over a second evidentiary hearing. At this hearing, the employee was the sole witness. The deposition of Dr. Robert H. Wilkins, taken on 17 October 1988, was also entered into evidence. On 3 February 1989, Deputy Commissioner Haigh entered an opinion denying plaintiff any further disability from and after 16 February 1983. Plaintiff appealed to the Full Commission and simultaneously filed a Rule 701 motion to present additional evidence to the Full Commission. On 3 April 1990, the Full Commission affirmed Deputy Commissioner Haigh's opinion but did not rule on the Rule 701 motion. Plaintiff appealed to the Court of Appeals.

In *Ivey v. Fasco Industries*, 101 N.C. App. 371, 399 S.E.2d 153 (1991), this Court reversed and remanded this case to the Full Commission with instructions to rule upon plaintiff's Rule 701 motion and to address any inconsistencies between the Taylor and Haigh opinions. Upon remand, the Full Commission denied plaintiff's Rule 701 motion and, without disturbing Deputy Commissioner Taylor's opinion, again affirmed Deputy Commissioner Haigh's opinion. From this decision, plaintiff appeals.

*Reid, Lewis, Deese & Nance, by James R. Nance, Jr., for employee-appellant.*

*Marvin Schiller for employer/carrier-appellees.*

WELLS, Judge.

[1] In his first argument, plaintiff contends that the Full Commission's second opinion fails to follow the Court of Appeals' directives in that it fails to adequately address inconsistencies between the Haigh and Taylor opinions, but rather merely affirms the Haigh opinion. Plaintiff asserts that an unaddressed inconsistency exists, in that the Taylor opinion found that plaintiff suffered a compensable injury on 18 August 1982 to his neck, and the Haigh opinion stated in the "Comment" section that "plaintiff's disability beginning in August, 1982 and continuing thereafter is due to the injury by accident which plaintiff sustained in February, 1978." The statements made in the "Comment" section of the Haigh opinion do not diminish Deputy Commissioner Haigh's findings with regard to any entitlements to plaintiff for temporary total disability or permanent partial disability after 16 February 1983.

We find that the Full Commission sufficiently addressed any inconsistency. The Taylor opinion found that plaintiff was entitled to temporary total disability compensation for the period between 27 August 1982 and 16 February 1983 due to the August 1982 injury. Based on Dr. Wilkins' deposition, evidence not available to Deputy Commissioner Taylor, Deputy Commissioner Haigh found that any disability plaintiff suffered after 16 February 1983 was not a result of the 1982 accident, but rather a change of condition of the February, 1978 injury. In essence, while the Haigh opinion found that plaintiff was entitled to no compensation for the 1982 accident after 16 February 1983, it in no way altered the Taylor opinion. Therefore, we find no inconsistency between the two opinions. To the extent that the Haigh opinion's "Comment" section seems inconsistent with the Taylor opinion, we agree with the Full Commission that the Taylor opinion does not act as *res judicata* as to the Haigh opinion where the Taylor opinion reserved judgment for the period following 16 February 1983. Therefore, we find plaintiff's first argument to be without merit.

[2] Next, plaintiff contends that the Full Commission erred in affirming the Haigh opinion because Deputy Commissioner Haigh's findings of fact were outside the limited scope of his inquiry. We do not agree. Deputy Commissioner Haigh heard this case to determine what disability compensation, if any, plaintiff was due after 16 February 1983. Based on plaintiff's testimony and Dr. Wilkins' deposition, he found plaintiff was not due any further compensation, arising out of the August 1982 accident. Thus, Deputy Commissioner Haigh acted within his scope of inquiry.

[3] Next, plaintiff contends that the findings of the Full Commission are not supported by competent evidence. The Industrial Commission is vested with exclusive authority to find facts and, on appeal, this Court is bound by the Commission's findings when they are supported by direct evidence or by reasonable inferences drawn from the record. *Kennedy v. Duke University Medical Center*, 101 N.C. App. 24, 398 S.E.2d 677 (1990). Thus, the issue becomes whether the record contains evidence from which a fact-finder could reasonably conclude that plaintiff was not due any disability compensation after 16 February 1983. After a careful review, we find that the record contains evidence which supports the findings of the Full Commission. Dr. Wilkins' testimony was to the effect that plaintiff's continuing disability after 1983 was due to his 1978 back injury and supports the Haigh opinion's findings.

**[4]** Next, plaintiff contends that the Full Commission erred in denying plaintiff's Rule 701 motion. As plaintiff acknowledges in his brief, the Rule 701 motion is addressed to the sound discretion of the Commission. Plaintiff has failed to demonstrate that the Commission abused its discretion in denying plaintiff's motion and, accordingly, we affirm.

Lastly, plaintiff reasserts its first argument, contending that the Full Commission made insufficient findings to support its denial of plaintiff's Rule 701 motion and its decision to affirm the Haigh opinion. For the reasons stated previously in this opinion, we disagree and find no merit in plaintiff's last argument.

The Full Commission's Opinion and Award is affirmed.

Judges COZORT and LEWIS concur.