SILVER v. ROBERTS WELDING CONTRACTORS

[117 N.C. App. 707 (1995)]

━━━━━━━━

JAMES VANCE SILVER, Employee, Plaintiff, v. ROBERTS WELDING CONTRACTORS, Employer, and THE PMA GROUP, Carrier, Defendants

No. 9410IC159

(Filed 7 February 1995)

1. **Workers' Compensation § 236 (NCI4th)— maximum medical improvement—finding of permanent partial disability—wage-earning capacity**

The Industrial Commission did not err in a workers' compensation action by finding that plaintiff was permanently partially disabled where plaintiff had been an iron worker helper; he was injured when two pieces of concrete fell on him, the first knocking off his hard hat and the second striking him directly on the head; he suffered brain damage as a result of the accident; he was not able to return to his former employer, intermittently worked a series of jobs, then worked as a security guard, a job which he felt he could handle; that job was transferred to another city which was not within a reasonable driving distance; and the Commission concluded that plaintiff was permanently partially disabled, and awarded benefits for temporary total disability and

temporary partial disability. Although plaintiff argued that the Commission erred by concluding that his right to continuing disability benefits ended when he reached maximum medical improvement, a finding of maximum medical improvement is simply the prerequisite to a determination of the amount of any permanent disability under N.C.G.S. § 97-31. The Commission's findings of permanent partial disability, which entitled him to an election of benefits, were supported by competent evidence.

**Am Jur 2d, Workers' Compensation §§ 395-399.**

2. **Workers' Compensation § 236 (NCI4th)— permanent partial disability—wage-earning capacity—odd-lot doctrine**

The Industrial Commission did err in a workers' compensation action by failing to apply the odd-lot doctrine, under which total disability may be found in workers who are not altogether incapacitated but who are so handicapped that they will not be employed regularly in any well-known branch of the labor market. Even if the odd-lot doctrine was recognized in North Carolina, the doctrine does not apply to this case since the Commission found that plaintiff could find suitable employment.

**Am Jur 2d, Workers' Compensation §§ 395-399.**

3. **Workers' Compensation § 259 (NCI4th)— temporary disability compensation—findings—sufficient**

The Industrial Commission's findings were sufficient to provide a sufficient chronology of the approximate times plaintiff was employed after his injury and support the amount of temporary disability compensation awarded by the Commission.

**Am Jur 2d, Workers' Compensation §§ 382, 418 et seq.**

4. **Workers' Compensation § 215 (NCI4th)— vocational rehabilitation—findings—sufficient**

The Industrial Commission did not err in a workers' compensation action by requiring defendant to provide further vocational rehabilitation assistance to plaintiff based upon findings that plaintiff was impaired as a result of his head injury and had to overcome resistance on the part of employers to obtain employment and that plaintiff required vocational rehabilitation to assist him in obtaining stable employment. The findings were supported by competent evidence.

**Am Jur 2d, Workers' Compensation §§ 379, 435.**

**SILVER v. ROBERTS WELDING CONTRACTORS**

[117 N.C. App. 707 (1995)]

Appeal by plaintiff and defendants from Opinion and Award entered 2 November 1993 by the North Carolina Industrial Commission. Heard in the Court of Appeals 19 October 1994.

*Lore & McClearen, by R. Edwin McClearen, for plaintiff.*

*Cranfill, Sumner & Hartzog, L.L.P., by David A. Rhoades and Kari Lynn Russwurm.*

WYNN, Judge.

Plaintiff, James Vance Silver, and defendants Roberts Welding Contractors (Roberts) and The PMA Group appeal from the opinion and award of the North Carolina Industrial Commission awarding plaintiff payments for temporary total disability and temporary partial disability and vocational rehabilitation services.

Plaintiff was employed by Roberts as an iron worker helper which required him to work with a welder on the steel frame of buildings. On 13 October 1987, plaintiff was injured when two pieces of concrete fell on him. The first piece of concrete knocked off his hard hat and the second piece struck him directly on the head. As a result of this accident, plaintiff suffered a skull fracture, a small epidermal hematoma, and some bleeding along the temporal lobe of the brain. Plaintiff was taken to the hospital and treated by a neurosurgeon. After being discharged from the hospital, plaintiff suffered from severe headaches and neck pains.

Plaintiff was examined by Dr. J. Ross Shuping who diagnosed him as having sustained brain damage as a result of the accident which impaired his reasoning abilities and short-term memory. Dr. Shuping believed plaintiff was not suited for heavy construction labor but released him to return to work on 20 April 1988. Plaintiff inquired about a position with Roberts and was told that nothing suitable was available.

Plaintiff intermittently worked a series of jobs from 1988 to 1991. He worked as a security guard for one month but his position was transferred to another city. While plaintiff felt he could handle the job, the new location was not within a reasonable driving distance.

The Commission found that plaintiff was permanently partially disabled and awarded benefits for temporary total disability and temporary partial disability. The Commission also concluded that defendants should provide vocational rehabilitation services to plaintiff.

Plaintiff appeals the benefit portion of the Commission's award and defendants cross-appeal the Commission's conclusion that they must provide vocational rehabilitation services.

I.

[1]  Plaintiff first argues that the Commission erred by finding that temporary total disability ends when a claimant reaches maximum medical improvement. We disagree.

Appellate review of an award of the Industrial Commission is limited to two questions: (1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether the Commission's findings of fact justify its legal conclusions. *Gilliam v. Perdue Farms,* 112 N.C. App. 535, 435 S.E.2d 780 (1993); *Gibbs v. Leggett and Platt, Inc.,* 112 N.C. App. 103, 434 S.E.2d 653 (1993). The Commissions's findings of fact are conclusive on appeal if supported by competent evidence even though there is evidence to support a contrary finding. *Morrison v. Burlington Industries,* 304 N.C. 1, 282 S.E.2d 458 (1981); *Gilbert v. Entenmann's, Inc.,* 113 N.C. App. 619, 440 S.E.2d 115 (1993).

An employee injured in the course of employment is disabled under the Workers' Compensation Act (Act) if the injury results in an "incapacity . . . to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (1991). Disability is defined by the Act as an impairment of the injured employee's earning capacity rather than physical disablement. *Peoples v. Cone Mills Corp.,* 316 N.C. 426, 342 S.E.2d 798 (1986); *Hall v. Thomason Chevrolet, Inc.,* 263 N.C. 569, 139 S.E.2d 857 (1965). The claimant bears the burden of proving the extent or degree of the disability suffered. *Little v. Anson County Schools Food Service,* 295 N.C. 527, 246 S.E.2d 743 (1978); *Bowden v. The Boling Co.,* 110 N.C. App. 226, 429 S.E.2d 394 (1993). Once the disability is proven, there is a presumption that it continues until the "employee returns to work at wages equal to those he was receiving at the time his injury occurred." *Watkins v. Central Motor Lines, Inc.,* 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971); *Radica v. Carolina Mills,* 113 N.C. App. 440, 439 S.E.2d 185 (1994).

In the instant case, the Commission made the following findings of fact:

15. As of August 29, 1991 plaintiff reached maximum medical improvement and was able to work at a moderate level as long as

he could avoid bending and stooping. He had wage earning capacity and was able to find suitable work as a security guard earning $170.00 per week. However, he was impaired as a result of this injury and had to overcome resistance on the part of the Employment Security Commission and potential employers in order to obtain employment. Furthermore, the job he found was temporary and he was soon unemployed.

16. Plaintiff requires vocational rehabilitation to assist him in obtaining employment.

17. As a result of the injury by accident giving rise to this claim, plaintiff has sustained permanent damage to his brain, an important internal organ, for which he would be entitled to $20,000.00 under the Workers' Compensation Act. He also was rendered permanently partially disabled. However, he did not become totally and permanently disabled as he has alleged. Because of that allegation, he did not make an election of benefits as between G.S. 97-30 and G.S. 97-31, and the amounts are so close that it is not clear which would provide the greater remedy.

Plaintiff argues that the Commission erred by concluding that his right to continuing disability benefits ended when he reached maximum medical improvement. Plaintiff cites this Court's decision in *Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 374 S.E.2d 483 (1988), which held that a finding of maximum medical improvement is not equivalent to a finding that the employee is able to earn the same wage earned prior to injury and therefore does not dispose of plaintiff's claim. *Id.* at 476, 374 S.E.2d at 485. A finding of maximum medical improvement is simply the prerequisite to a determination of the amount of any permanent disability under N.C. Gen. Stat. § 97-31. *Id.*

In the case *sub judice*, however, the Commission rejected plaintiff's contention that he was totally disabled since he had wage-earning capacity and was able to find suitable employment as a security guard. Plaintiff testified that he was able to work as a security guard but that his position was relocated to another city that was not within a reasonable driving distance from his home. The Commission found that plaintiff was permanently partially disabled which entitled him to an election of benefits as provided by *Gupton v. Builders Transport*, 320 N.C. 38, 357 S.E.2d 674 (1987). The Commission's findings are supported by competent evidence and this assignment of error is overruled.

## II.

[2] Plaintiff next argues that the Commission erred by failing to apply the "odd-lot" doctrine to his case. While the "odd-lot" doctrine has not been adopted in North Carolina, our Supreme Court, in *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 345 S.E.2d 374 (1986), discussed the doctrine in a footnote. The Court stated:

> Under the "odd-lot" doctrine, "total disability may be found in the case of workers who, while not altogether incapacitated for work, are so handicapped that they will not be employed regularly in any well-known branch of the labor-market." 2 Larson *Workmen's Compensation*, § 57-51 (1983). Under this doctrine, if the claimant establishes a prima facie case that he is an odd-lot worker, the burden then shifts to the employer to show the existence of work that is regularly available to the claimant. *Id.*

*Hendrix*, 317 N.C. at 192, 345 S.E.2d at 381-2 n.2. The Court declined to adopt the "odd-lot" doctrine in *Hendrix* because the issue was not properly presented for appeal and the evidence did not require the doctrine's application. *Id.*

In the instant case, the Commission found that plaintiff had wage-earning capacity and was able to work at a moderate level as long as he could avoid bending and stooping. Even if the "odd-lot" doctrine was recognized in North Carolina, the doctrine does not apply to this case since the Commission found that plaintiff could find suitable employment. This assignment of error is overruled.

## III.

[3] Plaintiff finally argues that the Commission failed to make specific factual findings regarding the amount of past temporary disability compensation to which plaintiff was entitled. We find that the Commission's findings of fact provide a sufficient chronology of the approximate times plaintiff was employed after his injury and support the Commission's award. This assignment of error is overruled.

### Defendants' Cross-Appeal

[4] Defendants appeal the portion of the Commission's opinion and award requiring them to provide further vocational rehabilitation assistance to plaintiff. Defendants argue that there is no evidence in the record to support the Commission's conclusion that defendants

should have to provide vocational rehabilitation services and argue that plaintiff possessed wage-earning capacity after his injury and was able to find suitable work as a security guard. We disagree.

The Commission is vested with the exclusive authority to find facts and, on appeal, this Court is bound by the Commission's findings when they are supported by direct evidence or reasonable inferences drawn from the record. *Ivey v. Fasco Industries*, 109 N.C. App. 123, 425 S.E.2d 744, *disc. review denied*, 333 N.C. 574, 429 S.E.2d 570 (1993). The Commission found that plaintiff was impaired as a result of his head injury and had to overcome resistance on the part of potential employers in order to obtain employment. The Commission also found that plaintiff required vocational rehabilitation to assist him in obtaining stable employment. Dr. Terry White, a physician whose practice involves patients who have suffered head traumas, testified that plaintiff could benefit from vocational rehabilitation. We have reviewed the record and conclude that the Commission's findings are supported by competent evidence. This assignment of error is overruled.

Accordingly, for the foregoing reasons the opinion and award of the Industrial Commission is

Affirmed.

Judges GREENE and JOHN concur.