SARA LOCKLEAR, PLAINTIFF-APPELLEE v. STEDMAN CORP./SARA LEE KNIT PRODUCTS, DEFENDANT, SELF/CONSTITUTION STATE SERVICE COMPANY, DEFENDANT AND/OR M.J. SOFFE COMPANY, INC., DEFENDANT-APPELLANT, SELF/KEY RISK MANAGEMENT SERVICES, DEFENDANT-APPELLANT

No. COA98-192

(Filed 17 November 1998)

**1. Workers' Compensation— occupational disease—significant contribution**

There was competent evidence in a workers' compensation action to support the Industrial Commission's conclusion that plaintiff's textile work environment significantly contributed to the development of asthma to the extent that it disabled her. Although the witnesses did not use the exact words "significantly contributed" in describing the development of plaintiff's asthma, there were no other clear factors which aggravated the condition.

**2. Workers' Compensation— occupational disease—last exposure**

The Industrial Commission's finding of fact in a workers' compensation action that plaintiff's employment with defendant Soffe augmented her respiratory condition, however slightly, was supported by competent evidence.

**3. Workers' Compensation— statute of limitations—date plaintiff informed of occupational disease by medical authority**

There was competent evidence in the record in a workers' compensation action to support the Industrial Commission's finding and conclusion that plaintiff's claim was not barred by the two year statute of limitations where plaintiff filed her claim

on 8 June 1992 and, while there may be some evidence to support a finding that she knew about her illness prior to 13 June 1990, when she ceased work, there is also competent evidence which shows that she was not advised by competent medical authority before 13 June 1990 that her disease was related to her work environment.

Appeal by M.J. Soffe Company, Inc., and Self/Key Risk Management Services from an opinion and award filed 25 September 1997 by the North Carolina Industrial Commission. Heard in the Court of Appeals 7 October 1998.

*Ben E. Roney, Jr., for plaintiff appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Robin H. Terry, for Stedman Corp./Sara Lee Knit Products and Self/Constitution State Service Company, defendant appellees.*

*Carruthers & Roth, P.A., by Kenneth L. Jones, for M.J. Soffe Company, Inc., and Self/Key Risk Management Services, defendant appellants.*

HORTON, Judge.

Sara Locklear (plaintiff) was employed by defendant-employer Stedman Corp./Sara Lee Knit Products (Stedman) as a sewing machine operator from 27 May 1968 to 27 May 1969, 18 March 1970 to 21 April 1971, 2 February 1972 to 22 November 1972, and 22 May 1975 to 25 September 1989. Plaintiff was exposed to and inhaled cotton dust and lint on a daily basis. At the end of her shift, plaintiff and other workers' cleaned lint from their machines and their clothing with compressed air. In the fall of 1985, plaintiff began coughing and having trouble breathing and by the summer of 1988 the coughing and wheezing had become constant symptoms.

During plaintiff's shift on 4 February 1989, a roof-mounted air conditioning unit was serviced and a liquid chemical spilled from the air conditioning unit onto the floor. Plaintiff testified that the fumes took her breath away. Two days later, she was admitted to the hospital in severe respiratory distress. Plaintiff was discharged on 15 February 1989 in an improved condition, but diagnosed with severe asthmatic bronchitis and severe airway disease. Her treating physician, Dr. F. Farrell Collins (Dr. Collins), had difficulty with an etiologic diagnosis but indicated in the discharge summary that the prob-

lems might be related to the work environment. He did not diagnose plaintiff with an occupationally related disease or instruct her to stop working. Dr. Collins testified that, if he had had a strong suspicion that plaintiff's problems were work-related, he would have told her to cease her employment.

In November 1989 plaintiff began working for defendant M.J. Soffe (Soffe), because she understood that the Soffe plant was "cleaner" and had less airborne dust and lint due to sewing machines with internal cleaning systems. Plaintiff's symptoms, however, continued to progress in severity during her employment with Soffe. On 13 June 1990, plaintiff's employment with Soffe ended and she ceased working altogether. Plaintiff filed a workers' compensation claim on 8 June 1992 naming Stedman and Soffe as responsible employers.

During the time plaintiff worked for Soffe, Dr. Martin Brooks was her treating physician. He advised her to stop work, but indicated her problems were not work-related. James M. Sullivan, a physician's assistant, and Dr. Lloyd McCaskill have also treated plaintiff for asthma and other illnesses but did not advise her that her condition was work-related.

Dr. John Eugene Gardella (Dr. Gardella), an expert in the field of internal medicine and pulmonary disease expressed his opinion that plaintiff had asthma and that her airway problem was permanent. He acknowledged that plaintiff's employment with Stedman placed her at an increased risk of developing pulmonary disease as compared to the general public. When asked if plaintiff's work environment "significantly contributed to [her] pulmonary disease," Dr. Gardella replied that the exposure had "contributed to her pulmonary condition." He further stated that he could not assign a probability to how much the work environment contributed to plaintiff's disease but that it was "entirely possible that her occupational exposures may have contributed to her asthmatic problem." When asked again if he had an opinion as to whether the exposure plaintiff experienced at Stedman and Soffe "significantly contributed to the permanent epithelial damage," Dr. Gardella stated that "it may well have contributed, but [he could not] put any more precise qualifiers on it." He further testified that the environment at Soffe likely augmented, however slight, plaintiff's pulmonary disease process.

Dr. Scott Donaldson (Dr. Donaldson), an expert in internal medicine and pulmonary disease is plaintiff's treating pulmonary disease physician. Although he testified that she has asthma and that plain-

LOCKLEAR v. STEDMAN CORP.

[131 N.C. App. 389 (1998)]

tiff's work environment placed her at an increased risk for developing pulmonary diseases as compared to the general population, he also stated that plaintiff's work did not cause her asthma. When asked if the occupational exposure made a "significant contribution" to the asthma, Dr. Donaldson answered that plaintiff's "exposure to dust and lint contributed to a worsening of her asthma" and that it was "more likely than not, that her occupational exposure worsened her asthma." He could not identify any clear factors other than work-related exposure which would identify with the development or aggravation of the asthma. He further believed that plaintiff's occupation contributed to the permanent epithelium damage.

The Industrial Commission (Commission) found that plaintiff "became disabled secondary to asthma or severe obstructive lung disease" and made the following conclusions of law:

> 2. Plaintiff timely filed claims for medical compensation and compensation for incapacity to earn wages against Stedman Corporation and M.J. Soffe, Inc. on June 8, 1992. [Citation omitted.]

> \* \* \* \*

> 5. Plaintiff's occupational exposure to dust, lint and other respirable pulmonary irritants while working at Stedman Corporation significantly increased her risk of developing epithelium damage and obstructive pulmonary disease over that of the general public and either significantly contributed to the development of, or significantly aggravated her severe obstructive lung disease/asthma. Plaintiff's employment also significantly contributed to the development of epithelium damage. . . .

> 6. Plaintiff's occupational exposure to dust, lint, and other respirable pulmonary irritants while working for M.J. Soffe, Inc. proximately augmented her severe obstructive lung disease/asthma and epithelium damage, however slight.

The Commission awarded plaintiff total permanent disability and Soffe appealed.

The issues in this case are whether: (I) plaintiff contracted a compensable occupational disease; (II) plaintiff's employment with Soffe augmented her condition, however slight; and (III) plaintiff filed her workers' compensation claims within the applicable statute of limitations.

**LOCKLEAR v. STEDMAN CORP.**

[131 N.C. App. 389 (1998)]

This Court is limited to two questions when reviewing an opinion and award from the Commission: (1) whether there is *any* competent evidence in the record to support the Commission's findings of fact; and (2) whether those findings of fact support the Commission's conclusions of law. *Lowe v. BE&K Construction Co.*, 121 N.C. App. 570, 573, 468 S.E.2d 396, 397 (1996). Thus, if there is competent evidence to support the findings, those findings are conclusive on appeal even though there is plenary evidence to support contrary findings. *Hedrick v. PPG Industries*, 126 N.C. App. 354, 357, 484 S.E.2d 853, 856, *disc. review denied*, 346 N.C. 546, 488 S.E.2d 801 (1997).

I

**[1]** For a disease to be occupational under G.S. 97-53(13) it must be (1) characteristic of persons engaged in the particular trade or occupation in which the claimant is engaged; (2) not an ordinary disease of life to which the public generally is equally exposed with those engaged in that particular trade or occupation; and (3) there must be "a causal connection between the disease and the [claimant's] employment."

*Rutledge v. Tultex Corp.*, 308 N.C. 85, 93, 301 S.E.2d 359, 365 (1983) (quoting *Hansel v. Sherman Textiles*, 304 N.C. 44, 52, 283 S.E.2d 101, 106 (1981)).

The first two elements are satisfied if the occupation exposed plaintiff to a greater risk of contracting the disease than the general public. *Id.* The causal connection prong is established if the work environment "significantly contributed to, or was a significant causal factor in, the disease's development." *Id.* at 101, 301 S.E.2d at 369-70.

*Significant* means "having or likely to have influence or effect: deserving to be considered: important, weighty, notable." *Significant* is to be contrasted with *negligible, unimportant, present but not worthy of note, miniscule,* or *of little moment.* The factual inquiry, in other words, should be whether the occupational exposure was such a significant factor in the disease's development that without it the disease would not have developed to such an extent that it caused the physical disability which resulted in claimant's incapacity for work.

*Id.* at 101-02, 301 S.E.2d at 370 (citation omitted).

In this case, there is competent evidence in the record to support the Commission's conclusion that plaintiff's work environment

LOCKLEAR v. STEDMAN CORP.

[131 N.C. App. 389 (1998)]

significantly contributed to the development of the asthma to the extent that it disabled her. Dr. Gardella stated that the exposure "more likely than not" contributed to the worsening of her asthma and there was evidence in the form of Dr. Donaldson's testimony that plaintiff's asthma was severe enough to prevent her from working. Although the witnesses did not use the exact words "significantly contributed" in describing the development of plaintiff's asthma, there were no other clear factors which aggravated the condition. Therefore, this assignment of error is overruled.

## II

[2] N.C. Gen. Stat. § 97-57 states that "the employer in whose employment the employee was last injuriously exposed to the hazards of such disease . . . shall be liable." N.C. Gen. Stat. § 97-57 (1991). This language has been interpreted to include occupational exposure which augmented the illness to any extent, regardless of how slight. *Caulder v. Waverly Mills*, 314 N.C. 70, 74, 331 S.E.2d 646, 647 (1985). In this case, Dr. Gardella testified that plaintiff's exposure at Soffe likely augmented her illness, however slight. Therefore, the Commission's finding of fact on this issue is supported by competent evidence in the record and this assignment of error is overruled.

## III

[3] An employee must file a workers' compensation claim within two years of being advised by competent medical authority that he or she has an occupational disease. N.C. Gen. Stat. § 97-58 (1991); *Dowdy v. Fieldcrest Mills*, 308 N.C. 701, 706, 304 S.E.2d 215, 218 (1983), *reh'g denied*, 311 S.E.2d 590 (1984). In this case, there is competent evidence in the record to support the Commission's finding and conclusion that plaintiff's claim was not barred by the statute of limitations. Although there may be some evidence to support a finding that plaintiff knew about her illness prior to 13 June 1990, there is also competent evidence which shows that she was not advised by competent medical authority before 13 June 1990 that her disease was related to her work environment. Dr. Collins testified that while he may have indicated in the discharge summary that plaintiff's problems might be related to her work environment, he did not diagnose her with an occupational disease nor did he instruct her to stop working.

Affirmed.

Judges MARTIN, John C. and TIMMONS-GOODSON concur.