***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Brad Donovan and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of the Deputy Commissioner and AFFIRMS with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were agreed upon by the parties at the hearing as:
 STIPULATIONS
1. The North Carolina Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before such Commission, and the parties have been subject *Page 2 
to and bound by the provisions of the North Carolina Workers' Compensation Act at times relevant to these proceedings.
2. Defendants are correctly named.
3. An employment relationship existed between the parties at all times relevant to these proceedings.
4. Plaintiff's average weekly wage at all times relevant to these proceedings was $989.93, which yields a compensation rate of $659.98 per week, based upon the Form 22.
5. At hearing, the parties stipulated to twelve (12) pages of medical records, consisting of notes from Mr. Beres' office dated February 2, 2007, March 16, 2007 and February 22, 2008, and such records were admitted into evidence as stipulated exhibits.
6. Defendants also introduced a copy of Plaintiff's job description, which was authenticated by Plaintiff during the hearing and admitted into evidence.
7. The issues for determination are:
 a. Whether plaintiff suffers from an occupational disease arising out of and in the course of her employment with defendant-employer?
 b. If so, to what benefits is plaintiff entitled?
 ***********
Based upon the greater weight of the competent and credible evidence of record in this matter, as well as any reasonable inferences that may be drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is a 40 year old public health nurse, date of birth March 17, 1969, who has worked for employer-defendant since approximately 1997. Plaintiff has an associate's *Page 3 
degree in nursing and is still employed by employer-defendant with job responsibilities consisting of visiting patients at their homes and performing various services as needed for each individual (wound care, dressing changes, insertion and removal of catheters, blood pressure monitoring, etc.). Plaintiff performs a significant amount of driving as part of her position, up to 120 miles per day, and she undertakes a wide variety of tasks during the course of the day.
2. There is no indication from either Plaintiff's own description of her work day or through the admitted job description that she was engaged in consistent repetitive tasks.
3. During December 2006, Plaintiff began to experience pain and numbness in her hands. Although she did not report this issue to her employer or file a Form 18, Plaintiff presented to Gregory L. Beres, PA-C, practicing at Bertie Memorial Hospital's Orthopaedic Clinic in Windsor, on February 2, 2007.
4. Mr. Beres diagnosed Plaintiff with bilateral carpal tunnel syndrome, right greater than left, based upon a positive carpal tunnel compression test. The Tinel's sign was equivocal and full range of motion was detected during Mr. Beres' examination. No X Rays or electrodiagnostic testing were performed or recommended. Plaintiff was administered corticosteroid injections and advised to return for a follow-up appointment.
5. On March 16, 2007, Plaintiff returned to Mr. Beres for a follow-up appointment. Plaintiff noted that she was greatly improved since the injections and was therefore advised to return if needed for either repeat injections or consideration of release surgery.
6. According to the Form 19 completed on May 25, 2007, Plaintiff first reported this claim to defendants on May 23, 2007. *Page 4 
7. Plaintiff ultimately filed an unsigned Form 33 on November 8, 2007 stating that "because both of my hands continue to hurt and have numbness, my medical provider told me that I would eventually need surgery if I continued to have pain and numbness."
8. Just prior to the hearing on this claim, Plaintiff returned to Mr. Beres. In that February 22, 2008 appointment, Mr. Beres noted again that Plaintiff has "clinical evidence of carpal tunnel syndrome."
9. Mr. Beres admits that he has not reviewed Plaintiff's job description, but states that he understands through conversations with Plaintiff that she performs a "considerable amount of writing" and "work at a computer." Mr. Beres' notes that Plaintiff is a registered nurse, but does not indicate that he realizes Plaintiff travels to patients' homes. He stated that in his experience, individuals who perform nursing tasks on a daily basis necessarily perform similar functions. He did not provide more specific details of his understanding of Plaintiff's day-to-day job duties and he admits to having no knowledge of Plaintiff's non-work activities or whether they may be a contributing factor to Plaintiff's condition. Lastly, Mr. Beres has not stated that carpal tunnel syndrome is characteristic of and peculiar to the position of public health nurse or that carpal tunnel syndrome is not an ordinary disease of life.
10. Although other co-employees performed the same or substantially similar functions as Plaintiff, no evidence has been presented to show that other employees have exhibited the same symptoms as Plaintiff.
11. Plaintiff has continued to work without restrictions and remains employed with employer-defendant. She confirms that she has not missed more than seven (7) days over the course of her claim due to her hand symptoms; therefore, she has not missed time from work due to her condition sufficient to be eligible for indemnity compensation under the Act. *Page 5 
12. There have been no specific treatment recommendations or surgical opinions and Plaintiff is not alleging that she is or expects to be disabled. Plaintiff testified that her current symptoms are improved and only intermittent.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has not met her burden of showing that her job as a public health nurse caused or significantly contributed to her alleged bilateral carpal tunnel syndrome since she has not proven that she engaged in repetitive motion employment that caused her carpal tunnel syndrome. Locklear v. Stedman Corp., 131 N.C. App. 389, 393,508 S.E.2d 795, 798 (1998).
2. Plaintiff relies on expert testimony based upon speculation and conjecture, which is not sufficiently reliable to qualify as competent evidence on issues of medical causation. Young v. Hickory Bus. Furniture,353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000).
3. Plaintiff's expert witness expressly bases his opinion as to causation of a complex medical condition solely on the maxim post hocergo propter hoc (after it, therefore because of it), which is insufficient evidence of causation. Adams v. Metals USA,168 N.C. App. 469, 476, 608 S.E.2d 357, 362 (internal quotation marks, citations, and alterations omitted), aff'd, 360 N.C. 54,619 S.E.2d 495 (2005) (per curiam).
4. Plaintiff has not met her burden of showing that her occupation increased her risk of contracting an occupational disease compared to the general public. Chambers v. Transit Mgmt., 360 N.C. 609, 613,636 S.E.2d 553, 556 (2006) (quoting Futrell v. Resinall Corp., *Page 6 151 N.C. App. 456, 460, 566 S.E.2d 181, 184 (2002), aff'd,357 N.C. 158, 579 S.E.2d 269 (2003) (per curiam)), reh'g denied,361 N.C. 227, 641 S.E.2d 801 (2007); N.C. Gen. Stat. § 97-53(13).
5. Based upon Plaintiff's own description of her job duties, she has not shown that the conditions of her employment resulted in a hazard which distinguishes such employment in character from the general run of occupations and which was in excess of that attending employment in general. Keller v. City of Wilmington Police Dept., 65 N.C. App. 675,309 S.E.2d 543 (1983).
6. The medical evidence presented is not sufficient to support Plaintiff's claim for a compensable work-related occupational disease, as Mr. Beres demonstrates little knowledge of Plaintiff's complete job duties or outside activities.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of May, 2009.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1