CLAUDE WOODELL, EMPLOYEE, PLAINTIFF v. STARR DAVIS COMPANY, EMPLOYER, AETNA CASUALTY & SURETY CO., CARRIER, DEFENDANTS

No. 8510IC68

(Filed 15 October 1985)

1. **Master and Servant § 68.1— asbestosis—exposure for thirty working days— evidence sufficient**

The evidence in a workers' compensation claim for asbestosis was sufficient to support a finding or conclusion that plaintiff was injuriously exposed to asbestos for thirty working days or parts thereof while he was employed by defendant where plaintiff testified that in insulating new pipes he had to tear off old insulation, square it off, and retie it back in, boxes of asbestos containing pipe insulation were on the floor, the insulation crews tried to sweep the asbestos off the floor each day, there was not a single day plaintiff worked in the old plant that he was not exposed to asbestos, and defendant conceded that plaintiff worked in the old plant a minimum of thirty days. The Industrial Commission properly resolved an issue of credibility raised by conflicting evidence in plaintiff's favor. G.S. 97-57.

2. **Master and Servant § 68.1— asbestosis—determination of last injurious exposure—additional findings unnecessary**

In a workers' compensation action for asbestosis, the Industrial Commission's findings adequately supported its determination that plaintiff was last injuriously exposed to the hazards of asbestos for the statutory period while in defendant's employ and findings regarding the days and times that plaintiff was involved in squaring up or tearing off old insulation in an old building, how much time was involved in working near insulation between the old and new buildings, and how much time was involved in the duct work in the new building were unnecessary. A claimant under G.S. 97-57 need not show that the conditions of employment caused or significantly contributed to the occupational disease.

3. **Master and Servant § 68.1— asbestosis—exposure for two years within North Carolina—evidence not sufficient**

The evidence was not sufficient in a workers' compensation claim for asbestosis to show that plaintiff was exposed to the inhalation of asbestos dust in his employment for a period of at least two years within North Carolina where plaintiff did not specify the location of much of his work in the insulation industry and affirmatively showed only four months' employment in North Carolina. G.S. 97-63.

APPEAL by defendants from an opinion and award of the North Carolina Industrial Commission entered 4 September 1984. Heard in the Court of Appeals 29 August 1985.

*Leonard T. Jernigan, Jr., for plaintiff appellee.*

*Brown & Johnson, by C. K. Brown, Jr., for defendant appellants.*

BECTON, Judge.

I

Plaintiff, Claude Woodell, filed this Workers' Compensation asbestosis claim against defendant Starr Davis Company, an insulation contractor, on 29 April 1982. Defendant Aetna Casualty & Surety Company is the insurance carrier for Starr Davis. Woodell was employed by Starr Davis as a working foreman of an insulation crew from 3 June 1979 through 4 October 1979. Prior to that, Woodell had worked as an insulator since 1970 for several different contractors. The Deputy Commissioner who heard the case found that Woodell suffered from asbestosis with a 40% disability, and awarded Woodell 104 weeks of benefits pursuant to N.C. Gen. Stat. Sec. 97-61.6 (Supp. 1983). Defendants appealed

to the North Carolina Industrial Commission (Commission) which, in an unanimous opinion and award, adopted the opinion and award of the Deputy Commissioner.

Defendants appeal to this Court, alleging that: (1) the evidence was insufficient to support the findings which showed that Woodell was exposed to the hazards of asbestos pursuant to N.C. Gen. Stat. Sec. 97-57 (1979); (2) the findings were inadequate to support the conclusion that Woodell was entitled to an award of compensation; and (3) Woodell was not exposed to asbestos for at least two years in the State of North Carolina as required by N.C. Gen. Stat. Sec. 97-63 (1979). We conclude that there was sufficient competent evidence to support the findings which showed that Woodell was exposed to asbestos for the statutory period, which findings were, in turn, sufficient to support the conclusion that Woodell was entitled to compensation. We do find, however, that the evidence adduced at the hearing was insufficient to enable the Commission to determine whether Woodell's injurious exposure was for two years within this State as required by G.S. Sec. 97-63, and the case is remanded for the taking of additional evidence on this point.

II

A

The Commission concluded that Woodell was injuriously exposed to asbestos while in Starr Davis' employment such that he was entitled to benefits under our Workers' Compensation Act. The critical findings of fact upon which the Commission based its conclusion are as follows:

1. Plaintiff was employed by the defendant-employer at the Federal Paper Board Plant in Riegelwood beginning June 3, 1979 through October 4, 1979. Plaintiff began as a working foreman in the old building overseeing the insulation of old pipes where they had been joined to new pipes running to the new building. Plaintiff's crew's job involved the replacement at these junctures of insulation which had been cut away by the pipe fitters in order to join the new pipes to the old pipes. Before installing the new insulation, which did not contain asbestos, plaintiff and his crew often had to square off or cut the edges even, or remove more of the old insulation which did contain asbestos.

2. Since the pipe fitters did not clean up the old insulation which they had removed from the pipes and since there were boxes of old insulation located in the areas in which plaintiff worked, the air was filled with old insulation dust, especially when the crew would sweep each day. The ventilation was poor and the machinery in use stirred the dust.

3. During the time plaintiff was employed by the defendant employer plaintiff was injuriously exposed to the hazards of asbestos in excess of thirty (30) working days, or parts thereof, within four (4) consecutive calendar months.

4. After the employment with the defendant-employer plaintiff was unemployed for several months before becoming employed by Sneeden, Inc. where he had no exposure to asbestos. However, in [sic] August 6, 1981 while so employed and as a result of his employment, plaintiff suffered an episode of heat exhaustion and tracheobronchitis. During the related hospitalization plaintiff was diagnosed by William F. Credle, Jr. M.D. as having a restrictive pulmonary disorder as a result of his contracting the occupational disease of asbestosis.

In order to be entitled to compensation on an asbestosis (or silicosis) claim, a claimant must meet the statutory requirements of both N.C. Gen. Stat. Sec. 97-57 (1979) and N.C. Gen. Stat. Sec. 97-63 (1979). *Pitman v. L.M. Carpenter & Associates*, 247 N.C. 63, 100 S.E. 2d 231 (1957) (silicosis). G.S. Sec. 97-57 provides, in pertinent part, that:

In any case where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, which was on the risk when the employee was so last exposed under such employer, shall be liable.

For the purpose of this section when an employee has been exposed to the hazards of asbestosis or silicosis for as much as 30 working days, or parts thereof, within seven consecutive calendar months, such exposure shall be deemed injurious but any less exposure shall not be deemed injurious;
. . . .

G.S. Sec. 97-63 provides:

> Compensation shall not be payable for disability or death due to silicosis and/or asbestosis unless the employee shall have been exposed to the inhalation of dust of silica or silicates or asbestos dust in employment for a period of not less than two years in this State, provided no part of such period of two years shall have been more than 10 years prior to the last exposure.

It is well-settled that the scope of review of our appellate courts in reviewing any decision of the Industrial Commission is limited to a twofold inquiry: whether there was competent evidence before the Commission to support its findings, and whether such findings support the legal conclusions. *Perry v. Hibriten Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978). In making its findings, the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Yelverton v. Kemp Furniture Co.*, 51 N.C. App. 675, 277 S.E. 2d 441 (1981). And the Commission's findings of fact, when supported by competent evidence, are conclusive on appeal even though there is evidence to support contrary findings. *Yelverton; Dowdy v. Fieldcrest Mills, Inc.*, 308 N.C. 701, 304 S.E. 2d 215 (1983), *reh'g denied*, --- N.C. ---, 311 S.E. 2d 590 (1984).

B

[1] The central challenge made by defendants on this appeal is that the evidence produced at the hearing does not support a finding or conclusion that Woodell was injuriously exposed to asbestos for thirty working days or parts thereof within the four months he was employed by Starr Davis, pursuant to G.S. 97-57. We do not agree.

In support of their position, the defendants point to evidence indicating that no tear-out work of old asbestos-containing insulation was done on the Riegelwood job, and that Starr Davis has not used asbestos-containing insulation products since 1971. Woodell, however, testified to the contrary, that in insulating the new pipes he had to "tear the old insulation off, square it off and retie it back in." He testified that when he worked in the old plant, boxes of asbestos-containing Kaylo pipe insulation were on the floor, and that the insulation crews tried to sweep the asbes-

tos off the floor each day. Woodell testified there was not a single day he worked in the old plant that he was not exposed to asbestos. The defendants concede that Woodell worked in the old plant a minimum of thirty days. By defendants' own calculations, then, Woodell potentially sustained the statutory minimum exposure to asbestos.

In sum, conflicting evidence created a credibility issue for the Industrial Commission as to whether Woodell's exposure to asbestos while in Starr Davis' employ was of sufficient duration to meet the statutory minimum and entitle him to compensation. The Commission resolved this issue in Woodell's favor. This was entirely proper.

C

[2] The defendants' next contention is that the Commission's findings were inadequate to support the conclusion that Woodell was entitled to compensation. Specifically, the defendants argue that there are no findings with respect to the days and times that Woodell was involved in squaring up or tearing off old insulation in the old building, how much time was involved in working near insulation between the old and new buildings, and how much time was involved in the duct work in the new building. But the proper inquiry is not whether these additional findings could have been made from the evidence adduced; rather, it is whether the findings actually made are sufficient to enable us to determine the rights of the parties upon the matters in controversy. *Gaines v. L.D. Swain & Son, Inc.*, 33 N.C. App. 575, 235 S.E. 2d 856 (1977) (Commission not required to make findings as to each fact presented by the evidence). In our opinion, the Commission's findings adequately support its determination that Woodell was last injuriously exposed to the hazards of asbestos for the statutory period while in Starr Davis' employ. *See, e.g., Rutledge v. Tultex Corp./Kings Yarn*, 308 N.C. 85, 301 S.E. 2d 359 (1983) (under G.S. Sec. 97-57, claimant need not show that the conditions of employment caused or significantly contributed to occupational disease).

D

[3] Defendants' final contention is that Woodell has not shown that he was exposed to the inhalation of asbestos dust in his employment for a period of at least two years within the State of

North Carolina as required by G.S. Sec. 97-63. Here, we agree with the defendants.

Woodell testified that his first employment in the insulation business was with Brown and Root, for approximately two years beginning in 1970. He testified that he then worked for Daniels and Company as an insulation mechanic for approximately a year and a half, and subsequently went back to Brown and Root for approximately three years. Woodell testified he then worked for Daniels and another insulation company for a total of four years in South Carolina. According to Woodell, he went back to work for Starr Davis in 1979, first working in Columbia, South Carolina and then coming to work in Riegelwood, North Carolina, from June 1979 to October 1979. As this summary suggests, Woodell simply did not specify the location of much of his work in the insulation industry. Based on this evidence, Woodell has shown affirmatively only four months' employment in North Carolina, the time he worked in Riegelwood. This case must be remanded so that further evidence may be taken on this point.

### III

In conclusion, this case must be remanded to the Commission for the taking of additional evidence on the location of Woodell's places of employment in the ten years prior to his last injurious exposure to asbestos. If the Commission determines that Woodell sustained a period of not less than two years of exposure to asbestos in this State in accordance with G.S. Sec. 97-63, then the award of benefits of the Commission must be affirmed. If the Commission finds that Woodell did not sustain the statutory minimum of exposure found in G.S. Sec. 97-63, then the opinion and award must be vacated.

Remanded for proceedings consistent with this opinion.

Judges WEBB and MARTIN concur.