CAROLYN BOLES, Plaintiff v. U.S. AIR, INC., Defendant, SELF-INSURED (ALEXIS, INC., Servicing Agent)

No. COA01-61

(Filed 5 February 2002)

**1. Workers' Compensation— continued temporary total disability—doctor's opinion testimony**

The full Industrial Commission did not err in a workers' compensation case by awarding continued temporary total disability compensation to plaintiff based on its reliance on one doctor's opinion testimony concerning plaintiff's pain which relied on plaintiff's perception of pain to determine that plaintiff was unable to return to work as a reservationist even though three other doctors thought plaintiff was able to work, because: (1) there was competent evidence from the testimony of both the one doctor and from plaintiff's own testimony supporting this finding; and (2) The Court of Appeals has previously held that an employee's own testimony as to pain and ability to work is competent evidence as to the employee's ability to work.

**2. Workers' Compensation— continued medical treatment by treating physician—motion to change treating physician**

The full Industrial Commission did not abuse its discretion in a workers' compensation case by awarding continued medical treatment from plaintiff's treating physician and by denying defendant's motion to change plaintiff's treating physician,

because although the testimony of two other doctors was that their evaluation and opinion of proper treatment methods differed from the treatment provided by plaintiff's treating physician, there has been no evidence that the treating physician is not a competent physician.

Appeal by defendant from opinion and award entered 18 September 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 26 November 2001.

*Walden & Walden, by Daniel S. Walden and Margaret D. Walden, for plaintiff-appellee.*

*Brooks, Stevens & Pope, P.A., by Daniel C. Pope, Jr., and Kimberley A. D'Arruda, for defendant-appellant.*

MARTIN, Judge.

Defendant appeals from an opinion and award of the North Carolina Industrial Commission (hereinafter "Commission") awarding plaintiff continuing benefits. Evidence before the Commission tended to show that plaintiff, Carolyn Boles, was employed by defendant, U.S. Air, Inc. (now U.S. Airways, Inc.) as a reservation sales agent (reservationist), providing booking and flight information to the public by telephone. Her job required her to sit at a computer keyboard throughout the workday keying in the necessary information. This work not only physically required her to use both hands repetitively, but cognitively required concentration, memory, and attention to detail. On 7 March 1991, plaintiff tripped and fell on a curb outside her office building as she was going into work. From the fall, plaintiff sustained a back injury manifested by chronic incapacitating neck, left shoulder, and left arm pain. Because plaintiff's symptoms did not significantly improve with conservative treatment (cervical traction, anti-inflammatory medications, and physical therapy), on 21 May 1992, she was examined by Dr. Curling, a neurosurgeon. Dr. Curling testified that an MRI revealed a large spur and associated disk bulge at C5-C6 and that he advised plaintiff to undergo a cervical discectomy at C5-C6 and an iliac crest interbody fusion at C5-C6. Dr. Curling performed this surgical procedure on 17 June 1992 and released plaintiff, without restrictions, on 24 September 1992 to return to work at U.S. Air, Inc., starting on half days for the first two weeks and then working up to whole days.

At the end of September 1992 the Commission approved the parties' Form 21 "Agreement for Compensation for Disability" wherein

defendant accepted plaintiff's injury by accident resulting in an "HNP [at] C5-C6." Additionally, the Commission approved several Form 26 Agreements for temporary total disability of various weeks (not continuous) in 1991 and 1992. In December 1992, Dr. Curling found plaintiff at maximum medical improvement (MMI) and rated her at approximately 10 percent permanent partial disability and released her from his care. Dr. Curling noted that plaintiff was having minimal neck discomfort but that plaintiff had returned to work and was doing her usual job without significant difficulty. On 25 February 1993, the Commission approved the parties' Form 26 "Supplemental Memorandum of Agreement as to Payment of Compensation" for a 10 percent permanent partial disability to the back (for 30 weeks of benefits at the rate of $306.42 per week from 10 December 1992 pursuant to G.S. § 97-31).

On 10 February 1993, plaintiff was again seen by Dr. Curling, complaining of recurrent pain in the neck and left arm. Dr. Curling stated in a letter to plaintiff that her pain was caused by nerve injury and recommended that plaintiff take Elavil for her recurrent neck and arm pain. On 23 August 1993, plaintiff called Dr. Curling indicating that she was having problems with depression and was feeling suicidal and asked that he write a letter giving her permission to stay out of work for two to three weeks so that she could "get her act together." Dr. Curling recommended that plaintiff go to the emergency room and undergo a psychiatric evaluation, contact her family physician, or schedule an appointment with a psychiatrist as soon as possible.

On 23 September 1993, plaintiff's psychiatrist, Dr. Branham, diagnosed plaintiff with major depression and wrote, "[a]t the present time I feel that it would be totally necessary for [plaintiff] to have the least amount of stress possible and since work is a major stress on her life I think she should be held out of work until further notice." Dr. Branham noted that since 7 March 1991, plaintiff had a history of feeling futile, hopeless, and tearful about her chronic pain. Dr. Branham also noted that she had problems sleeping, concentration and memory difficulties, and a loss of interest in daily and family activities. He prescribed chemotherapeutic intervention with antidepressant medication. Following this diagnosis, plaintiff regularly returned to Dr. Branham for treatment.

On 19 July 1994, Dr. Branham indicated in a letter to defendant that "[d]ue to depression, the concentration, physical stamina, memory, and ability to withstand stress have all been eroded to such a

**BOLES v. U.S. AIR, INC.**

[148 N.C. App. 493 (2002)]

degree that [plaintiff] is unable to work." During Dr. Branham's 1995 deposition, he stated that plaintiff could not return to work because of her pain, her memory and concentration deficits, which he noted were two symptoms of depression, and her difficulty relating to other people. During his 1998 deposition, Dr. Branham testified that he had never considered return to work as a goal, but that plaintiff no longer suffered from impaired memory or cognitive abilities, nor did she have difficulty with interpersonal relations. In the 1998 deposition, Dr. Branham testified that he thought that plaintiff was unable to return to work because she suffers from chronic pain syndrome and intermittent depression.

On 15 March 1994, plaintiff filed a motion pursuant to G.S. § 97-47, alleging she had a change in condition, and moved for additional compensation. She alleged that as a result of increased neck pain and depression, she had been unable to work since 28 September 1993. She also moved, pursuant to G.S. § 97-25, for approval of further medical treatment by Dr. Branham.

On 28 June 1994, after reviewing the results of a functional capacity evaluation, Dr. Curling indicated that plaintiff could return to work on a light-demand level. Additionally, Dr. Curling stated that in his opinion plaintiff was capable of returning to work as a reservations agent.

Plaintiff was sent by defendant for a second opinion and psychological testing to clinical psychologist John F. Warren, III. In September 1994, Dr. Warren tested plaintiff's memory and concentration using the Wechsler Memory Scale-Revised and found that her general memory and verbal memory scores fell within the Superior range. In addition, plaintiff's visual memory, attention/concentration, and delayed recall index scores fell within the Average range. From these test results, Dr. Warren indicated there were no signs of severe memory problems that would cause plaintiff difficulty in terms of trying to attend to the affairs of daily living or work. Plaintiff was also administered the Booklet Category Test (BCT), which is a comprehensive, cognitive screening test designed to evaluate for the presence of cerebral dysfunction. Plaintiff performed within the Average range which suggests "that her non-verbal abstract reasoning and logical analysis skills are adequate for making most decisions required for organized planning and practical, everyday living and working situations." Dr. Warren recommended limited mental health intervention with goals and plans, as opposed to a more traditional, open-ended analytic or dynamic mental health treatment.

BOLES v. U.S. AIR, INC.

[148 N.C. App. 493 (2002)]

In February 1997, Dr. Jones evaluated plaintiff upon defendant's request that he provide a second opinion to clarify plaintiff's psychiatric condition, as well as make recommendations regarding her ability to return to work. At the time of the evaluation, Dr. Jones felt that plaintiff's depressive disorder was in remission. Dr. Jones did not find any impairments that would keep plaintiff from being capable of performing tasks required in the reservationist position. Dr. Jones opined that treatment with specific benchmarks would be more appropriate than Dr. Branham's open-ended treatment program.

During the hearing, plaintiff admitted that she was aware that Dr. Branham was the only physician that she had seen since 1993 who is continuing to excuse her from work as a reservationist. Plaintiff also testified that she did not feel that she was capable of performing her job as reservationist because she was in so much pain that it caused her to have impaired memory and cognitive ability. Plaintiff further testified that she has not attempted to perform the actual job of reservationist since September 1993.

On 25 January 1995 a deputy commissioner heard plaintiff's G.S. § 97-47 motion to reopen her claim by reason of a change in condition for the worse, and her G.S. § 97-25 motion for Commission approval of Dr. Branham and Dr. Rauck. On 5 May 1995, the deputy commissioner ruled that plaintiff had sustained a substantial change for the worse in her condition from the 7 March 1991 back injury resulting in her becoming totally disabled by the same injury on 24 September 1993. Plaintiff was awarded compensation at a rate of $306.42 per week from 24 September 1993 to the scheduled hearing date and continuing thereafter at the same rate for so long as she remains totally disabled. The deputy commissioner also ruled that defendant shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of her substantial change of condition, including continued psychiatric treatment provided by Dr. Branham and any other treatment he may reasonably recommend that would tend to reduce her chronic incapacitating pain such as a return to the pain clinic. Neither party appealed from the deputy commissioner's opinion and award.

On 7 April 1997, defendant filed a Form 24 "Application to Terminate Payment of Compensation", alleging that plaintiff had unjustifiably refused the employer's offer of suitable employment (as reservations agent) on 14 March 1997. The matter was heard by a deputy commissioner who ruled that plaintiff was justified in refus-

ing the job offer under G.S. § 97-32, that plaintiff remains totally disabled as a result of her 7 March 1991 compensable injury and is entitled to continuing compensation under G.S. § 97-29, and that Dr. Branham remain the treating physician under G.S. § 97-25. Defendant appealed to the Full Commission which modified and affirmed the decision of the deputy commissioner and ordered defendant to continue to pay compensation to plaintiff for temporary total disability, and to continue to pay for her medical treatment, including that provided by Dr. Branham. Defendant appeals.

## I.

[1] Defendant first contends that there is no competent evidence to support the Commission's finding of fact that plaintiff remains disabled and therefore, the Commission erred in awarding continued temporary total disability compensation to plaintiff. Defendant specifically assigns error to the following Commission's findings of fact: ". . . Dr. Branham maintains that plaintiff cannot return to work at this time, and remains totally disabled" and "[b]ased upon the restrictions on plaintiff's return to work imposed by [Dr. Branham], the job of reservation agent was not suitable employment and plaintiff's refusal to accept the job of reservation agent offered by defendant on 14 March 1997, was justified."

At the outset, "[t]he standard of review for an appeal from an opinion and award of the Industrial Commission is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its conclusions of law." *Goff v. Foster Forbes Glass Div.*, 140 N.C. App. 130, 132-33, 535 S.E.2d 602, 604 (2000). If there is competent evidence to support the findings, they are conclusive on appeal even though there is evidence to support contrary findings. *Hedrick v. PPG Industries*, 126 N.C. App. 354, 484 S.E.2d 853, *disc. review denied*, 346 N.C. 546, 488 S.E.2d 801 (1997). However, ". . . findings of fact by the Commission may be set aside on appeal when there is a complete lack of competent evidence to support them." *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000). We also emphasize that " '[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.' " *Dolbow v. Holland Industrial, Inc.*, 64 N.C. App. 695, 697, 308 S.E.2d 335, 336 (1983) (quoting *Anderson v. Lincoln Construction Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)), *disc. review denied*, 310 N.C. 308, 312 S.E.2d 651 (1984).

BOLES v. U.S. AIR, INC.

[148 N.C. App. 493 (2002)]

"Thus, the Commission may assign more weight and credibility to certain testimony than other." *Id.* at 697, 308 S.E.2d at 336. *See also Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998).

Defendant argues that the Commission improperly relied on Dr. Branham's testimony in its determination that plaintiff remains totally disabled. Defendant specifically argues that Dr. Branham's opinion testimony is speculative and therefore incompetent evidence. Defendant notes that in 1993, Dr. Branham wrote plaintiff out of work to reduce stress, testified in 1995 that plaintiff was unable to work due to pain, impaired mental and cognitive abilities, and difficulty relating to other people, and testified in 1998 that plaintiff's impaired mental and cognitive abilities and plaintiff's difficulty with interpersonal relationships had resolved but that she was still unable to return to work due to pain and intermittent depression. Defendant argues that Dr. Branham's 1995 testimony that pain was largely a function of plaintiff's anatomical problem with which Dr. Curling was more familiar was inconsistent with his 1998 testimony that plaintiff is unable to perform as a reservationist because of the concentration and agility of movement required and because using the left arm could increase her pain. Defendant points out that Dr. Branham testified there were no tests to measure pain and therefore, defendant asserts Dr. Branham must be relying on plaintiff's perception of pain to determine when plaintiff can return to work.

There was competent evidence, from the testimony of Dr. Branham and from plaintiff's own testimony, supporting the Commission's finding that plaintiff continues to be totally disabled. This Court has previously held that an employee's own testimony as to pain and ability to work is competent evidence as to the employee's ability to work. *See Matthews v. Petroleum Tank Service, Inc.* 108 N.C. App. 259, 423 S.E.2d 532 (1992) (employee's own testimony concerning level of pain he suffered was competent evidence as to his ability to work); *Niple v. Seawell Realty & Indus. Co.*, 88 N.C. App. 136, 362 S.E.2d 572 (1987), (employee's own testimony as to pain upon physical exertion competent evidence as to her ability to work), *disc. review denied*, 321 N.C. 744, 365 S.E.2d 903 (1988). Plaintiff testified that she believes that she is unable to handle calls as a reservationist because one must keep a lot of information in memory, it is stressful, and ". . . with the pain that I've got, I cannot think at times . . . . I have constant pain, and . . . when the pain overwhelms me, I am not able to keep my thoughts in line . . . [and] at times, [] I totally go blank." She further stated, ". . . I probably could

do this job for two or three hours. But then . . . I'd be in bed after that . . . ." Plaintiff occasionally works out in her yard, which entails driving a lawn tractor and pushing a fertilizer spreader, but plaintiff explained that the reservationist position is more mentally demanding and she is only able to work in her yard on her good days which are rare. Thus, we conclude that there is competent evidence supporting the Commission's finding that plaintiff remains totally disabled.

Defendant argues, however, that there was competent medical evidence upon which the Industrial Commission could have relied to conclude that plaintiff is able to return to work. Defendant points out that Dr. Branham is the only doctor who currently claims plaintiff is unable to work. Dr. Curling released plaintiff from a physical standpoint and Dr. Warren and Dr. Jones released plaintiff from a psychological standpoint. Defendant also points out that unlike Dr. Branham, Dr. Warren and Dr. Jones relied on objective testing of plaintiff's abilities and deferred to Dr. Curling's assessment of her physical pain. Dr. Jones found that plaintiff's depressive disorder was in remission and he did not find any impairments that would keep plaintiff from being capable of working as a reservationist. That there may be competent evidence supporting a finding that plaintiff does not remain totally disabled, however, is not dispositive since the issue before us is whether there is any competent evidence in the record supporting the Commission's finding that plaintiff remains totally disabled. *See Goff*, 140 N.C. App. at 132, 535 S.E.2d at 604. If so, the Commission's findings are conclusive on appeal even though there is evidence to support contrary findings. *Hedrick*, 126 N.C. App. at 357, 484 S.E.2d at 856. Since there was competent evidence supporting the Commission's finding that plaintiff continues to be totally disabled, we hold that the Commission did not err in awarding continued temporary total disability compensation to plaintiff.

## II.

[2] Defendant next argues the Commission abused its discretion in awarding continued medical treatment by Dr. Branham and denying defendant's motion to change plaintiff's treating physician. G.S. § 97-25 provides that ". . . an injured employee may select a physician of his own choosing to attend, prescribe and assume the care and charge of [her] case, subject to the approval of the Industrial Commission." "The unambiguous language of this statute, thus, leaves the approval of a physician within the discretion of the Commission and the Commission's determination may only be

reversed upon a finding of a manifest abuse of discretion." *Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 207, 472 S.E.2d 382, 387, *cert. denied*, 344 N.C. 629, 477 S.E.2d 39 (1996). An " '[a]buse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' " *Long v. Harris*, 137 N.C. App. 461, 465, 528 S.E.2d 633, 635 (2000) (quoting *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)).

Though Dr. Warren and Dr. Jones both testified that their evaluation and opinion of proper treatment methods differed from the treatment provided plaintiff by Dr. Branham, there has been no evidence that Dr. Branham is not a competent physician. Thus, the Commission's decision to allow Dr. Branham to be plaintiff's treating physician is not manifestly unsupported by reason and we hold the Commission did not abuse its discretion by failing to remove him.

Affirmed.

Chief Judge EAGLES and Judge BIGGS concur.