MARION I. HATCHER, Executor of the Estate of Norman Hatcher, Deceased Employee, Plaintiff v. DANIEL INTERNATIONAL CORP., Employer, and KEMPER INSURANCE CO., Carrier, Defendants

No. COA01-1342

(Filed 5 November 2002)

**1. Workers' Compensation— credibility of witness—weak and confused memory—province of Commission**

The Industrial Commission's decision in a workers' compensation case concerning weight to be given the deposition testimony of an 81-year-old decedent-employee who could not remember well or who was confused by the questions was not disturbed. Although a witness who can remember nothing is not competent to testify, a weak or impaired memory goes to the weight of the testimony and it is the sole province of the Commission to determine the credibility and weight of testimony.

**2. Workers' Compensation— last injurious exposure— inference**

The Industrial Commission's conclusion that decedent employee's last injurious exposure to the hazards of asbestosis occurred with Mundy (a company other than defendant) was upheld where the evidence supported a reasonable inference that decedent-employee was exposed for at least 30 days or parts thereof within seven consecutive months while working for Mundy. The cases cited by plaintiff for the assertion that the Commission must be able to point to days in which exposure occurred do not limit the Commission's ability to rely on inferences that may reasonably be drawn from the evidence.

HATCHER v. DANIEL INT'L CORP.

[153 N.C. App. 776 (2002)]

**3. Workers' Compensation— last injurious exposure—proximate augmentation of lung cancer—language of finding**

The findings in a workers' compensation action supported the Industrial Commission's conclusion that, with respect to lung cancer, decedent's last injurious exposure to asbestos did not occur while he was employed by defendant even though the Commission did not couch its findings in terms of proximate augmentation of lung cancer. The Commission found that decedent's lung cancer was likely caused by his exposure to asbestos.

**4. Workers' Compensation— asbestos—last injurious exposure**

The Industrial Commission's conclusion that decedent-employee was not last injuriously exposed to asbestos while employed by defendant-employer was supported by the evidence.

Appeal by plaintiff from opinion and award entered 26 July 2001 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 22 August 2002.

*Scudder & Hedrick, by Samuel A. Scudder, for plaintiff-appellant.*

*Marshall Williams & Gorham, L.L.P., by Ronald H. Woodruff, for defendant-appellees.*

MARTIN, Judge.

Plaintiff appeals from an opinion and award of the Industrial Commission denying a claim for compensation and death benefits for the death of Norman Hatcher ("decedent-employee"). The record reflects that Norman Hatcher filed an Industrial Commission Form 18, dated 3 December 1991, alleging that his exposure to asbestos while working for defendant-employer had resulted in "asbestosis and other asbestos-related lung diseases." He filed a Form 33, dated 21 July 1994, requesting that the claim be assigned for a hearing. Norman Hatcher died on 25 April 1995 due to lung cancer and the executor of his estate was substituted as plaintiff.

A deputy commissioner denied the claim on 27 March 2000 and plaintiff appealed to the Full Commission. By an opinion and award filed 26 July 2001, the Full Commission found that decedent-employee had been exposed to asbestos fiber and dust throughout his 46-year career as a millwright, carpenter, and welder, and that this

**HATCHER v. DANIEL INT'L CORP.**

[153 N.C. App. 776 (2002)]

exposure had "likely caused" both his asbestosis and lung cancer. The Commission also found that decedent-employee worked for defendant-employer at a location insured by defendant-carrier for several different periods, the last one ending in 1976, during which he was exposed to asbestos fiber and dust in the workplace. In addition, the Commission found that, after retiring in 1978, decedent-employee returned to work at intervals. In particular, plaintiff was employed by Mundy Industrial Contractors, Inc., ("Mundy") in 1988 and 1989.

The Commission found that:

> [w]hile employed as a millwright for defendant-employer and then for Mundy at the General Electric plant through 1989, decedent was exposed to asbestos in the form of insulation. Decedent, in some instances, actually saw and consequently inhaled the asbestos dust while working for Mundy at the General Electric plant.

It also found that decedent-employee's last employment in any capacity was with Mundy in 1989. The medical testimony indicated, and the Commission found, that decedent-employee was not disabled by asbestosis but became disabled after he developed lung cancer. The Commission concluded that plaintiff's last injurious exposure to asbestos did not occur while he was employed by defendant Daniel International Corp. and denied his claim against defendants.

---

On appeal, plaintiff asserts the Commission erred in denying benefits for asbestosis and lung cancer because (1) there was not competent evidence in the record to support the Commission's findings regarding decedent-employee's last injurious exposure to asbestos and (2) the Commission applied the wrong legal standard in evaluating both claims. Appellate review of a decision of the Industrial Commission is limited to a determination of whether there is competent evidence in the record to support the Commission's findings of fact and whether those findings adequately support the conclusions of law and award. *See Boles v. U.S. Air, Inc.*, 148 N.C. App. 493, 560 S.E.2d 809 (2002). If properly supported, the Commission's findings of fact are binding on appeal even though the evidence might also support contrary findings. *See Locklear v. Stedman Corp.*, 131 N.C. App. 389, 508 S.E.2d 795 (1998). The Commission's conclusions of law are reviewable by the appellate courts. N.C. Gen. Stat. § 97-86; *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982).

Under G.S. § 97-52, "[d]isablement or death of an employee result-ing from an occupational disease" is compensable under the Workers' Compensation Act ("the Act"). The Act contains a list of diseases that qualify as occupational diseases. *See* N.C. Gen. Stat. § 97-53 (2002). Asbestosis is specifically enumerated under G.S. § 97-53(24) and is compensable if a causal connection is shown between the disease and employment. *See* N.C. Gen. Stat. § 97-57; *Clark v. ITT Grinnell Industrial Piping, Inc.*, 141 N.C. App. 417, 539 S.E.2d 369 (2000). Lung cancer, though not specifically enumerated, may also qualify as an occupational disease if it satisfies the requirements of the statute's catch-all provision, G.S. § 97-53(13):

> Any disease . . . which is proven to be due to causes and condi-tions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary dis-eases of life to which the general public is equally exposed out-side of the employment.

Certain occupational diseases develop gradually and after cumulative or repeated exposure to the hazards of the disease. *See Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E.2d 359 (1983). Because an employee may be exposed to those hazards over the course of a career with several different employers, the General Assembly set out guidelines for employer and carrier liability for occupational disease based on when the employee was "last injuriously exposed" to the hazards of the disease. N.C. Gen. Stat. § 97-57 (2002).

For purposes of asbestosis or silicosis, the statute defines injuri-ous exposure as exposure of at least 30 days or parts thereof in seven consecutive months. *See id.* Furthermore, the statute creates a pre-sumption that the last 30 days of work involving exposure to asbestos is the last injurious exposure for purposes of employer liability. *See Barber v. Babcock & Wilcox Constr. Co.*, 101 N.C. App. 564, 400 S.E.2d 735 (1991). For all other occupational diseases, including those which fall under G.S. § 97-53(13), last injurious exposure has been described as " 'an exposure which proximately augmented the disease to any extent, however slight.' " *Rutledge*, 308 N.C. at 89, 301 S.E.2d at 362-63 (citations omitted).

[1] In the present case, plaintiff contends decedent-employee's last injurious exposure to the hazards of both asbestosis and lung cancer occurred in or prior to 1976 while he was employed with defendant-employer, and defendant-carrier was on the risk. As to the asbestosis claim, plaintiff argues that the Commission's finding that plaintiff was

exposed to asbestos while employed with Mundy for at least 30 days in seven consecutive months was not supported by the evidence. First, plaintiff asserts that the only evidence that could support the finding of exposure to asbestos was deposition testimony of the decedent-employee and that such testimony was not competent evidence due to the decedent-employee's age of 81 years, his indication that he could not remember well or was confused by the questions at deposition, and contradictory testimony about his exposure while working for Mundy.

Although a witness who can remember nothing is not competent to testify, a weak or impaired memory goes not to the competency of the evidence, but rather the weight to be accorded the testimony. *See State v. Witherspoon*, 210 N.C. 647, 188 S.E. 111 (1936). The deposition testimony at issue was included in the stipulated exhibits and there is no indication that plaintiff objected to its admission. Furthermore, it is the sole province of the Commission to determine the credibility of witnesses and the weight to be given their testimony. *See Boles, supra.* A review of the deposition of decedent-employee does not indicate that he was clearly incompetent to testify; absent such, this Court may not disturb the Commission's decision with respect to the weight to be given the evidence and the findings based upon it.

**[2]** Next, plaintiff argues that evidence of asbestos exposure must be "quantifiable," i.e., that the Commission must be able to point to, or count, the number of days in which exposure occurred in order to determine whether decedent sustained exposure of at least 30 days or parts thereof in seven months as required under the statute. Without such "quantifiable" evidence, plaintiff argues that the Commission cannot find as a fact that such exposure occurred. The cases plaintiff cites in support of this argument do not necessarily indicate that the Commission must point to 30 specific days of exposure as long as there is competent evidence from which such exposure can be inferred, such as an average number of days each week or month in which an employee was exposed over time. *See, e.g., Woodell v. Starr Davis Co.*, 77 N.C. App. 352, 335 S.E.2d 48 (1985). These cases, however, do not limit the Commission's ability to rely on inferences that may reasonably be drawn from the evidence of record. *See Ivey v. Fasco Industries*, 109 N.C. App. 123, 425 S.E.2d 744 (1993).

Evidence of decedent-employee's asbestos exposure at Mundy includes a social security earnings statement showing that he worked

for Mundy in 1988 and 1989, earning annual totals of $7,113.97 and $3,000.11 respectively. Decedent-employee testified at his deposition that he worked for Mundy for at least a six-month period at one point. In response to questions about the presence of asbestos dust in the work environment at Mundy, decedent-employee responded: "Sometimes. Not all the time, but just sometimes during the time I was working with Mundy." This evidence supports a reasonable inference that decedent-employee was exposed to asbestos for at least 30 days or parts thereof within seven consecutive months while working for Mundy. The Commission's finding applied the correct legal standard according to G.S. § 97-57. Therefore, we decline to disturb the Commission's conclusion that decedent-employee's last injurious exposure to the hazards of asbestosis occurred with Mundy.

[3] With respect to the lung cancer claim, plaintiff argues that the Commission applied the incorrect legal standard in determining decedent-employee's last injurious exposure to the hazards of lung cancer. In order to qualify as injurious under G.S. § 97-57, an occupational exposure to the hazards of lung cancer need only proximately augment the condition, however slightly. *See Rutledge, supra.* The Commission found that "[d]ecedent's lung cancer . . . was likely *caused* by his exposure to asbestos in his various work environments" (emphasis added). Thus, the exposure to asbestos sustained by decedent while working for both defendant-employer and Mundy qualifies as "injurious" under G.S. § 97-57. Other findings by the Commission clearly indicate that Mundy, not defendant-employer, was decedent's last employer. Therefore, despite the Commission's failure to couch its findings in terms of proximate augmentation of the lung cancer, we hold those findings support the Commission's conclusion with respect to the lung cancer claim that "decedent's last injurious exposure to asbestos did not occur while he was employed by the defendant-employer . . . ."

[4] Plaintiff next challenges the adequacy of the evidence to support the Commission's findings. Plaintiff asserts that all of the medical opinion testimony on causation and increased risk for lung cancer followed a question by defense counsel describing the decedent as being exposed to asbestos "on a regular basis." Plaintiff contends there is no evidence that decedent was exposed to asbestos on a regular basis with Mundy, and thus any findings based on the subsequent medical opinions offered by the witness could only lead to the conclusion that decedent was last injuriously exposed with defendant-employer. We disagree.

In response to defense counsel's question, Dr. Credle, the expert medical witness, testified that decedent-employee's occupational asbestos exposure put him at increased risk for contracting lung cancer compared to the general population and that the exposure was a significant contributing factor to his development of the disease. Dr. Credle had also testified earlier that decedent's occupational asbestos exposure "was the likely cause" of his lung cancer and, in response to earlier hypothetical questions that "the more you're exposed [to asbestos], the more likely you are to have disease and the more likely it is to be bad disease." Taken as a whole, this evidence supports the Commission's finding of a causal link between decedent's lung cancer and "his various work environments." This finding, in turn, supports the Commission's conclusion that decedent-employee was not last injuriously exposed to asbestos while employed by defendant-employer.

Affirmed.

Judges TYSON and THOMAS concur.